UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Cobra Oil & Gas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ShockCo Oil Tools, Inc.,<br><br>Defendant. | Case No. 1:20-CV-00193-CRH |

**AGREED PROTECTIVE ORDER**

The Court enters the following Agreed Protective Order ("Protective Order") to govern the use of documents and testimony obtained during discovery in the above-styled lawsuit ("Lawsuit").  It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. **Proceedings and Information Governed**.  This Protective Order shall govern and limit the use and distribution of certain documents, testimony, discovery materials, tangible things, and other information (collectively, "Information") produced in connection with discovery or other disclosure obligations during this Lawsuit that are designated as "Confidential Information" as defined herein.  This Protective Order shall also extend to any information copied or extracted from Confidential Information protected herein, as well as all copies, excerpts, summaries, or compilations thereof, and such portions thereof, as applicable, contained in any testimony, conversations, or

presentations by the parties to this Lawsuit (a "Party" or collectively, the "Parties"), their counsel, or other persons participating in the Lawsuit on behalf of a Party.

2. **Classification of Information.**

a. **"Confidential Information":** For purposes of this Protective Order, "Confidential Information" is limited to Information that reflects or contains: (i) confidential or proprietary information; (ii) trade secrets; (iii) confidential know-how; (iv) commercially sensitive business or financial information; and/or (v) proprietary technical information, trade secrets, confidential know-how, or sensitive business or financial information of a third party that the Party producing such Information (the "Producing Party") is bound, by separate confidentiality agreement, court order, or otherwise, to maintain as confidential.

b. **"Excluded Information":** Confidential Information does not include (and this Protective Order does not apply to Information (a) that is or becomes generally and publicly known, through no violation by any Party, person or entity subject to this Protective Order; (b) that is already in the knowledge or possession of the Party to whom disclosure is made (the "Non-Producing Party") prior to the date of entry of this Protective Order, unless that Party is already bound by agreement, court order, or otherwise not to disclose such Information; (c) that has been disclosed to the public or third parties by the Producing Party in a manner making such Information no longer confidential, and which does not constitute a violation of this Protective Order; (d) that the Parties agree is not confidential or otherwise agree in writing shall no longer be deemed subject to this Protective Order; (e) that the Court determines should not be

considered Confidential Information; or (f) has been publicly filed in open court through no violation by any Party, person, or entity subject to this Protective Order (collectively, the "Excluded Information").

3. **Designation of Information**.  Information produced during the course of this Lawsuit may be designated by the Producing Party as containing Confidential Information by placing on each page and each thing the stamp "CONFIDENTIAL."

4. **Depositions**.  Information disclosed at a deposition may be designated by either Party as Confidential in accordance with this Protective Order by notifying the other Party: (a) on the deposition record; or (b) in writing, identifying the specific pages and lines of the final transcript that contain Confidential Information, within fifteen (15) calendar days of the designating Party's receipt of the final transcript.  All depositions shall be treated as Confidential in their entirety under this Protective Order for a period of fifteen (15) calendar days after a transcript of said deposition is received by all Parties, or for such longer time as the Parties may agree to the extent designated as such at the time of taking the deposition.  If no confidentiality designation is made on the record at the deposition or within fifteen (15) days of receipt of the final transcript by written notice, no portion of the deposition shall be subject to this Protective Order.  The court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control.  Furthermore, the portions of any deposition testimony designated as Confidential Information contained in any notice provided hereunder must also be treated in accordance with this Protective Order.

5.     **Maintenance of Information.**  It is the responsibility of counsel for each Party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.  Counsel is responsible for employing reasonable measures to control unauthorized access to and use, distribution, and duplication of Confidential Information consistent with this Protective Order.

6.     **Inadvertent Disclosure.**  Inadvertent or unintentional disclosure of Confidential Information during the course of this Lawsuit, without designating it as Confidential Information at the time of disclosure, shall not be deemed a waiver by the Producing Party in whole or in part of a claim that disclosed Information is Confidential Information, provided that such Information is so designated in writing to the Non-Producing Party within ten (10) calendar days after learning of the inadvertent or unintentional disclosure.

7.     **Use and Disclosure of and Access to Information**.  Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this Lawsuit, and may not be used for any other purpose.  Except as otherwise specifically provided herein, access to and disclosure of <u>Confidential Information</u> shall be limited to:

(a)     The Parties and their current employees and representatives;

(b)     Attorneys for each Party (whether outside counsel or in-house counsel) and their paralegals, administrative assistants, secretaries, clerical, administrative, and support staff, and independent contractors engaged by

counsel (other than outside consultants, experts, and certified public accounting firms as referred to below), who are retained by such attorneys or Parties in connection with any work they perform on behalf of a Party with respect to this Lawsuit;

(c) Subject to paragraph 8 below, consultants and testifying or consulting experts (other than an accounting firm as set out in (d) below) retained by the Non-Producing Party in this Lawsuit, who are not employees of the Non-Producing Party or its affiliates. Such outside consultants and experts shall agree to be bound by this Protective Order to the same extent as if they were a Party hereto and shall not use the Producing Party's Confidential Information for (i) the benefit of the Non-Producing Party, other than in connection with this Lawsuit; or (ii) the benefit of any other persons or corporations;

(d) Subject to paragraph 8 below, outside certified public accounting firms retained by the Non-Producing Party to provide assistance in this Lawsuit and necessary clerical and administrative assistants employed or supervised by such firms who are not employees of the Non-Producing Party or its affiliates;

(e) The Court and its personnel, as well as all court reporters and videographers involved in depositions, hearings, and trial in this Lawsuit and their support staff;

(f) Any witness testifying in this case; and

(g) Any mediators designated by the Court or Parties.

In addition to the persons listed in 7(a) – (g) above, and regardless of any designation as "CONFIDENTIAL," any document may be disclosed and shown to any person who is an author of the document and/or any person who received the document (or copies of the document) independently of this litigation.

8. **Agreement to abide by Protective Order**. Execution of this Protective Order by undersigned counsel shall constitute a representation that all persons listed in paragraph 7(b) above for whom such counsel is responsible (or who are reasonably

within such counsel's control) shall be made aware of and observe this Protective Order. The undersigned counsel shall further take reasonable measures to limit the unauthorized access to and/or use, distribution, and duplication of Confidential Information hereunder. None of the individuals listed in paragraph 7(e) will be required to provide a written acknowledgment of this Protective Order. However, counsel will work in good faith to provide notice of this Protective Order to any of the individuals listed in paragraph 7(e) who may receive Confidential Information. With regard to those individuals identified in paragraphs 7(c)-(d), and (f), except at a deposition or in open Court, prior to disclosing or providing Confidential Information to such persons, the Party providing the Confidential Information shall first provide a copy of this Protective Order to such persons, who shall read and be fully familiar with their obligations to comply with this Protective Order. Before such persons may have access to or review any Confidential Information, he or she must sign a copy of the Confidentiality Agreement attached hereto as **Exhibit A**. The counsel obtaining the signed Agreement shall retain it in counsel's files and provide executed copies thereof to the disclosing Party.

9. **Challenge to Designations**. Any Party may challenge the designation of Confidential Information at any time and may apply to the Court for any relief, including an order removing such designation at any time, provided, however the Party challenging the designation of the Confidential Information shall have the burden of proof with respect to the need to remove such designation. Any objection to the designation of Confidential Information shall specify the particular Information about which an objection is being made and set forth the basis for such objection. Prior to applying to the

Court for any relief pertaining to a confidentiality designation, the Parties shall confer and attempt to resolve any dispute about the designation.  The Party objecting to the designation shall provide at least ten (10) days' notice of any hearing on a motion challenging the Confidential designation of Information.  The designated Confidential Information in question shall be treated as Confidential Information pending a ruling by the Court, shall not be filed with the Court, and inspection of such Information by the Court for purposes of challenging a Confidential designation shall be *in camera*.  The failure of a Party to challenge the Confidential Information designation of any Information under this Protective Order at the time of production of the Information shall not be deemed a waiver of that Party's right to challenge the propriety of such designation at any time thereafter.  The Parties shall each bear their own costs and expenses associated with the procedures set forth in this paragraph.

10. **Change in Designation**.  An item designated as Confidential Information shall cease being subject to the terms of this Protective Order if it subsequently becomes Excluded Information pursuant to this Protective Order.

11. **Nonparty Information**.  The existence of this Protective Order must be disclosed to any person or entity producing Information in this Lawsuit who/which may reasonably be expected to desire confidential treatment for such Information.  Any such person or entity may designate Information as Confidential Information pursuant to this Protective Order.

12. **Use of Information in Court Filings**.  In the event that counsel for any party determines to file with, or submit to, the Court any Confidential Information or

papers containing or referencing such information, the Parties and their counsel shall give written notice to the Producing Party's counsel at least five (5) business days, excluding legal holidays, before such filing or submission so as to give the other Party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court. The Producing Party shall have the burden of complying with the provisions of Fed. R. Civ. P. 5.2 and 26. In the event a temporary or permanent sealing order is sought, the Party that seeks to file the pleading or other paper shall not file the same unless all Confidential Information is redacted or until after the Court rules on the motion for a temporary or permanent sealing order. If a Party wishes to offer a document, or portions of a document marked as "Confidential," including deposition testimony that discusses any such document in evidence, any Party may, at the time the evidence is offered, move for a Temporary Sealing Order.

13. **Use of Information at Hearing or Trial.** At the trial of this Lawsuit or at any hearing relating to this Lawsuit, a Party may, subject to the Federal Rules of Evidence and any orders of the Court, use any Confidential Information for any purpose, subject to the Producing Party's right to seek an appropriate protective or sealing order in relation thereto.

14. **No Prejudice.** Producing or receiving Confidential Information or otherwise complying with this Protective Order will not: (a) operate as an admission by any Party that any of the Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the Information in the normal course of discovery, other than objecting that the

Information is not discoverable because of privacy concerns, confidentiality concerns, or that the Information constitutes a trade secret or gives the producing Party a competitive advantage in its marketplace; (c) prejudice the rights of a Party to object to the production of Information that the Party does not consider to be within the scope of discovery; (d) prejudice the rights of a Party to seek a determination by the Court that particular Information be produced; (e) prejudice the rights of a Party to apply to the Court for further protective orders; or (f) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided by this Protective Order with respect to any particular Information.

15.     **Return of Confidential Items.**  Within sixty (60) calendar days of final termination of this Lawsuit, including exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party and other persons subject to the terms of this Protective Order shall be under an obligation to collect and either return to the Producing Party or destroy all of the following Information obtained from the other Parties: (a) Confidential Information, (b) all copies of Confidential Information, and (c) all notes made therefrom or summaries thereof that are not an attorney's work product; provided, however, that any Party may retain, subject to the terms of this Protective Order, one copy of any Confidential Information that was filed with the Court or admitted into evidence.  Upon request, each Party and other persons subject to the terms of this Protective Order shall certify in writing that all Confidential Information, copies thereof, and notes made therefrom or summaries thereof have been either returned or destroyed.

16. **Remedies.**  It is ordered that this Protective Order will be enforced by any applicable sanctions set forth in the Federal Rules of Civil Procedure and any other orders as may be available to the Court.  All other remedies available to any person injured by a violation of this Protective Order are fully and expressly reserved, including but not limited to any claim for damages resulting therefrom.

17. **Third-Party Disclosure Requests**.  If any Party is served with a subpoena or other process or discovery request, or is required to fulfill a disclosure obligation that requires the production or disclosure of Confidential Information for some purpose other than this Lawsuit, that Party shall notify the designating Party as soon as practicable so that the designating Party may take necessary steps to oppose the subpoena, process, discovery request or disclosure obligation or otherwise seek appropriate protection or other remedy for such disclosure.

18. **Disclosure of a Party's Own Confidential Information**.  Nothing herein shall prevent a Party from using and disclosing such Party's own Confidential Information as such Party deems necessary or appropriate or to preclude any Party from using or disclosing documents or information to which such Party has access by other legitimate means other than production by a Party.

19. **Inadvertent Production of Privileged Information.** In the event that a producing Party inadvertently produces a document or thing that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity, provided the producing Party claiming privilege

timely notifies the non-producing Party of such inadvertent disclosure to secure the return of such inadvertently produced documents and things.

20.  **Survival**.  All obligations and duties arising under this Protective Order shall survive the termination of the Lawsuit.  The Court retains jurisdiction over the Parties and any persons provided access to Confidential Information under the terms of this Protective Order with respect to any dispute over the improper use of such Confidential Information.

21.  **Amendment**.  This Protective Order and any provisions hereof may be changed, waived, amended, or modified only by further Order of the Court or agreement of the Parties in writing, and is without prejudice to the rights of any Party to move for relief from any of its provisions.

**IT IS SO ORDERED.**

Signed _____ February 16, 2021.

                                      */s/ Clare R. Hochhalter*
                                      Clare R. Hochhalter, Magistrate Judge
                                      United States District Court

**AGREED AS TO BOTH FORM AND SUBSTANCE:**

| | |
|---|---|
| */s/ Lawrence Bender* | */s/ William P. Harrie* |
| Lawrence Bender | William P. Harrie |
| ND Bar No. 03908 | ND Bar No. 04411 |
| Christina A. Huckfeldt | николаев NILLES LAW FIRM |
| ND Bar No. 08956 | 1800 Radisson Tower |
| FREDRIKSON & BYRON, P.A. | 201 North Fifth Street |
| 1133 College Drive, Suite 1000 | P.O. Box 2626 |
| Bismarck, ND 58501-1215 | Fargo, ND 58108-2626 |
| Telephone:  (701) 221-8700 | Telephone:  (701) 237-5544 |
| Email:  *lbender@fredlaw.com* | Email:  *wharrie@nilleslaw.com* |
| Email:  *chuckfeldt@fredlaw.com* | |
| | **ATTORNEYS FOR DEFENDANT,** |
| -and- | **SHOCKCO OIL TOOLS, INC.** |

Michael D. Anderson
Texas Bar No. 24031699 (*Pro Hac Vice*)
Clark H. Rucker
Texas Bar No. 24066011 (*Pro Hac Vice*)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9280
*michael.anderson@kellyhart.com*
*clark.rucker@kellyhart.com*

**ATTORNEYS FOR PLAINTIFF,
COBRA OIL & GAS CORPORATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Cobra Oil & Gas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ShockCo Oil Tools, Inc.,<br><br>Defendant. | Case No. 1:20-CV-00193-CRH |

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby affirm that:

I have read and understood the terms of this Confidentiality Agreement and the Agreed Protective Order entered and effective in the above-referenced Lawsuit, which is currently pending in the United States District Court, District of North Dakota, Western Division (the "Lawsuit"). The undersigned agrees that any Information designated as "Confidential Information," as defined in the Agreed Protective Order (the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of performing any actions for which I am involved or engaged by a Party with respect to the Lawsuit. I further agree not to use, copy,

divulge, or otherwise disclose any of this Information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the Information as Confidential Information or by an entered and executed order of the presiding judge of which I have received a copy.

I submit to the jurisdiction of this Court for enforcement of the Protective Order for resolution of any issues and/or disputes concerning this Confidentiality Agreement and/or the Protective Order.  I also agree to notify any authorized person who assists me with my obligations in relation to this Lawsuit, of the terms of the Protective Order, this Confidentiality Agreement, and their binding effect on them and me.

I understand that I am to retain all Information designated as or containing Confidential Information in a secure manner.  I also understand that such Information is to remain in my personal custody until the completion of my obligations and participation in this Lawsuit, whereupon all such Information, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such Information.

_____
Signed

_____
Printed Name

_____
Date